UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE RYAN,<br><br>  Plaintiff,<br><br>  v.<br><br>PROFESSIONAL DISC GOLF ASSOCIATION, et al.,<br><br>  Defendants. | No. 2:23-cv-00324-TLN-JDP<br><br>**ORDER** |

On May 11, 2023, the Court granted Plaintiff Natalie Ryan's ("Plaintiff") motion for a temporary restraining order ("TRO") enjoining Defendants Professional Disc Golf Association ("PDGA") and Lowa LLC doing business as Disc Golf Pro Tour ("the Tour" or "DGPT") (collectively, "Defendants") from enforcing, using, implementing, or otherwise relying on section C.3 of the PDGA "Policy on Eligibility for Gender-Based Division" (the "policy") for any purpose, including but not limited to preventing Plaintiff from participating in the 2023, FPO division of the OTB Open in Stockton, California. (ECF No. 31.) This Order related exclusively to the relief sought in Plaintiff's TRO which was limited to May 12–15, 2023. (ECF No. 7-1 at 9.) Accordingly, the relief granted in the TRO lapsed at the end of day on May 15, 2023.[1]

---

[1] The date upon which the TRO would lapse was not explicitly noted in the Court's previous order, however it was implicit in Court's findings and the fact the relief provided was

1

Defendants appealed and sought an emergency motion to stay this Court's order pending appeal. (*Natalie Ryan v. Professional Disc Golf Association, et al.*, 9th Cir. Case Nos. 23-15722, 23-15725.) The Ninth Circuit granted DGPT's motion to stay pending appeal but denied PDGA's motion to stay pending appeal. (*Id.* at ECF Nos. 7, 4.) Thus, this Court's order remained in full force and effect as to PDGA. *See Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1168 (9th Cir. 2001) (holding defendant subject to injunction after being denied a stay.) Pursuant to Federal Rule of Civil Procedure ("Rule") 65(d)(2)(B)-(C) the Order bound PDGA, its "officers, agents, servants, employees, and attorneys" as well as "other persons who are in active concert or participation" with them.

It is well established "that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982); *see also* Fed. R. Civ. P. 62(d). Additionally, a court may "issue further orders with respect to an injunction. . ., notwithstanding appeal, in order to preserve the status quo or ensure compliance with its earlier order. *See State of Hawai'i v. Trump*, 263 F. Supp. 3d 1049, 1056 (D. Haw.), *aff'd*, 871 F.3d 646 (9th Cir. 2017) (citing *Nat. Res. Def. Council, Inc.* 242 F.3d at 1166); *see also A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002) ("The district court properly exercised its power under Rule 62(c) to continue supervision of Napster's compliance with the injunction."). The status quo is determined at the time the appeal was filed. *Nat. Res. Def. Council, Inc.* 242 F.3d at 1166 (9th Cir. 2001) (looking to "[t]he status quo as of the filing of [Defendant]'s consolidated appeal").

On May 26, 2023, Plaintiff filed a notice of voluntary dismissal as to DGPT and on May 30, 2023, the Court dismissed DGPT. (ECF Nos. 42, 43.) Given the recent developments in the case, the parties are HEREBY ORDERED to file a Status Report not later than June 9, 2023, outlining how this case should proceed. In their report, Plaintiff shall also provide information as to whether she was permitted to participate in the OBT Open on May 12–15, 2023. If Plaintiff

---

explicitly tied to relief requested in the TRO. To the extent this was unclear, the Court hereby clarifies. *See Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1216 n.11 (9th Cir. 2004); *see also Meinhold v. U.S. Dep't of Def.*, 34 F.3d 1469, 1480 n.14 (9th Cir. 1994).

2

was prevented from participating in the OBT Open or any portion thereof, Plaintiff and PDGA are FURTHER ORDERED to include in their response a position as to whether PDGA violated this Court's May 11, 2023, Order and if so, what recourse should follow.

IT IS SO ORDERED.[2]

DATE: May 30, 2023

Troy L. Nunley
United States District Judge

---

[2] This Order does not modify the Court's previous order granting the TRO. This Order only provides clarification to the Court's previous order, *see Meinhold*, 34 F.3d at 1480 n.14, requests information regarding case progress, *see Plotkin*, 688 F.2d at 1293, and seeks to enforce compliance with the Court's previous order by ensuring the status quo was properly maintained, *see Nat. Res. Def. Council, Inc.* 242 F.3d at 1166-68; *A&M Recs., Inc*, 284 F.3d at 1099.